**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Cody Norton,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Rockford Mercantile Agency, Inc; and DOES<br>1-10, inclusive,<br><br>　　　　　　　Defendants. | Civil Action No.:  3:15-cv-50210<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Cody Norton, by undersigned counsel, states as follows:

## JURISDICTION

1.　　　This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.　　　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.　　　Plaintiff, Cody Norton ("Plaintiff"), is an adult individual residing in Poplar

Grove, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.　　　Defendant, Rockford Mercantile Agency, Inc ("Rockford"), is an Illinois business

entity with an address of 2502 South Alpine Road, Rockford, Illinois 61108, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.　　　Does 1-10 (the "Collectors") are individual collectors employed by Rockford and

whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

7.     Rockford at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Rockford for collection, or Rockford was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Rockford Engages in Harassment and Abusive Tactics

12.     Within the last year, Rockford left voicemail messages on Plaintiff's cellular phone in an attempt to collect the Debt.

13.     The voicemail messages failed to state that the purpose of the calls was to collect the Debt and that any information obtained from Plaintiff would be used for that purpose.

### C. Plaintiff Suffered Actual Damages

14.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

2

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that communications were an attempt to collect the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23.     Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

25.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

3

26.     Rockford, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

27.     Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

28.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act.

29.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.  The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.  All available damages pursuant to 225 ILCS 425/1;

5.  Punitive damages; and

6.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 30, 2015

Respectfully submitted,

By  _/s/ Sergei Lemberg_ _____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor

4

Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff